In the Matter of the Claim of BLANCHE T. KAVANAUGH, Respondent, against NORMAN BELDEN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 14, 1931.

*Gibbons & Pottle* [*Rollin B. Sanford* and *John T. De Graff* of counsel], for the appellants.

*Tuttle, Rice & Stockwell* [*Glenn A. Stockwell* of counsel], for the claimant, respondent.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

WHITMYER, J. Estoppel by reason of the failure to prosecute a third-party action within the statutory period, after an election to sue, and employment as an independent contractor, are the claims.

Deceased was killed on September 8, 1924, by a New York Central railroad train on its Wheatfield crossing, while he was crossing in his own truck, with materials for the alleged employer.

His widow made a claim for compensation on September 20, 1924, and filed it on October 8, 1924. At the first hearing, on November 6, 1924, the referee suggested to claimant's attorney, who agreed, that he might want to file an election to sue the third party.

At the next hearing, on December 23, 1924, the attorney said, " we want to elect to use our remedy against a third party," and the referee answered, " election to sue granted."

On May 1, 1925, limited letters of administration in the estate were granted to the widow, limiting her to the prosecution of any action brought to recover damages for negligently causing the death of the decedent, and restraining her from making any compromise thereof or enforcing any judgment thereon until the further order of the surrogate.

Nothing further was done until the hearing of May 28, 1929.

At that time, the employer objected to any compensation on the grounds that decedent was an independent contractor and that there was a right to sue a third party.

Claimant's attorney answered that " nothing became of it," and that, while an election to sue was filed, no summons was ever served and no claim was ever made.

The referee went on with the hearings.

Later, at a hearing on July 23, 1929, the attorney for the

carrier read into the record from the files in the case an entry as follows: "Election to sue granted. J. S. W.," meaning J. S. Whipple, now of the Industrial Board. And he also read into the record a letter from the Commission, reciting that a notice of election to sue a third party because of injuries sustained by the deceased and resulting in his death, had been filed with the Commission, and asking for immediate advice of the disposition of the third-party action and for other details.

Claimant's attorney then said: "I still want to say no election to sue was filed. It was completed, but not signed or filed."

Although the election to sue has disappeared from the files, it sufficiently appears that it was signed and filed. And no action was ever brought, but the statutory period for bringing an action had long expired, when evidence was taken under the claim for compensation.

Having made election to sue, it was claimant's duty to go on with the action. By her failure to prosecute, the carrier has been deprived of a substantial right, which it would have had, but for the election, namely, its right of subrogation to claimant's remedy against the third party. (Workmen's Compensation Law, § 29; *Matter of McKee* v. *White*, 218 App. Div. 300; affd., 244 N. Y. 610; *O'Brien* v. *Lodi*, 246 id. 46.)

Moreover, deceased was an independent contractor as to what he did for the alleged employer.

His regular employment was yard brakeman for the railroad company. Between shifts, he did odd jobs for the alleged employer, at different times, when asked. He owned a truck and drew lumber and materials, at times, for him. When he drew, he charged a flat price, which covered gasolene and oil, wear and tear of truck, and his time. His extra employment was not constant and he was not on the payroll. He was a tenant of the alleged employer and owed him for rent. What he earned by drawing was credited on the rent.

The employer told him only from what place and to what place to draw, but he determined everything else. He was an independent contractor, within the decisions. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100; *Matter of Litts* v. *Risley Lumber Co.*, 224 id. 321; *Ball* v. *Estate of Bertelle*, 201 App. Div. 768; *Adel* v. *Rubin*, 210 id. 499; *Daly* v. *Blount Lumber Co.*, 213 id. 486.)

The award should be reversed and the claim should be dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.