**BOLIN v. MARSHALL, Deputy Com'r, et al.**
**No. 7439.**

Circuit Court of Appeals, Ninth Circuit.
April 8, 1935.

Wm. P. Lord, of Portland, Or., for appellant.

E. L. McDougal, of Portland, Or., for appellee Portland Stevedoring Co.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner applied to respondent for relief under the Longshoremen's and Har-

bor Workers' Compensation Act, 33 USCA §§ 901–950, because of the death of Eric Bolin, a longshoreman. It is admitted that if the petitioner had been the wife and were now the widow of the deceased she would be entitled to compensation under that act. The appellee denied relief upon the ground that appellant was not the widow of the deceased employee of the Portland Stevedoring Company. It was stipulated at the hearing before appellee, as Deputy Commissioner, that "both plaintiff [Mary Bolin] and said Eric Bolin were in all respects competent to marry on the said first day of July, 1931, and had entered into a common law marriage, as said term is understood in the general jurisprudence of the United States, save and except the said stevedoring company denied that said common law marriage was valid in the state of Oregon." The Deputy Commissioner having denied relief, appellant filed a petition in the District Court of the United States for the Southern District of Oregon praying for prohibitory and mandatory injunction suspending the operation of the Deputy Commissioner's order and directing that the matter be referred back to the Deputy Commissioner with directions to award compensation to the appellant.

In this petition to the District Court it is alleged that the appellant and Eric Bolin entered into a contract of marriage on July 1, 1931, and thereupon entered into marriage relations as husband and wife and continued to live as such until the death of Eric Bolin, and it is alleged that the relationship thus established "is commonly known as a common law marriage."

The District Court sustained a motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute an appeal or cause of suit and a judgment of dismissal was thereupon entered, from which this appeal is taken.

The Supreme Court of Oregon in Huard v. McTeigh, 113 Or. 279, 232 P. 658, 663, 39 A. L. R. 528, held: " * * * that the statutory provisions of this state relative to the manner of contracting marriage have entirely superseded the common-law rule in that respect. We construe our marriage statutes to be mandatory, and refuse to give sanction and approval to the doctrine of common-law marriages in this state. To hold otherwise would absolutely defeat the purpose and spirit of all salutary laws which our Legislature has enacted on this subject."

This doctrine was reaffirmed in Wadsworth v. Brigham, 125 Or. 428, 259 P. 299, 266 P. 875. The decisions of the court of last resort in a state interpreting its statutes are binding upon the federal courts. Appellant, however, contends that the statements of the Oregon Supreme Court in the cases cited were obiter dicta and therefore not binding upon this court, and that we should follow the decision of this court in Reed v. Harkrader, 264 F. 834. This latter case construed the law of Alaska, which was an adoption of the Oregon law. In Huard v. McTeigh, supra, the Supreme Court of Oregon expressly declined to follow our decision in Reed v. Harkrader, supra, as an interpretation of the Oregon law. It is unnecessary to consider the situation thus suggested by the appellant for the reason that it is clear that in both Huard v. McTeigh, supra, and Wadsworth v. Brigham, supra, the question was directly involved as to whether or not a man and woman who have lived together in Oregon under an agreement in a manner which, at common law, would have constituted them husband and wife, were such without a marriage ceremony solemnized in accordance with the statutes of Oregon. In both cases the man and woman involved had lived together in the relationship of husband and wife in the state of Oregon. In each case both were competent to enter into a marriage contract in the state and at the time during which they thus lived together. The decision of the court in each case was that the relationship thus established did not constitute the parties husband and wife. The decision of the court was not placed upon the narrow ground that there was no evidence of a specific contract to marry, but the existence of such a contract was assumed, and, together with cohabitation thereafter, was held insufficient to constitute a marriage. It is therefore our duty to apply the law of Oregon with relation to the status of plaintiff to the situation presented to us for adjudication. She is not the widow of the deceased employee and is not entitled to the benefits of the law provided for the widow.

Judgment affirmed.