## CHAPMAN v. HOAGE, Deputy Com'r (INDEMNITY INS. CO. OF NORTH AMERICA, Intervener). *

### No. 6412.

United States Court of Appeals for the District of Columbia.

Argued April 9, 1935.

Decided May 13, 1935.

GRONER and HITZ, Associate Justices, dissenting.

———◆———

Harlan Wood and James P. Donovan, both of Washington, D. C., for appellant.

Leslie C. Garnett and John J. Wilson, both of Washington, D. C., for appellee Hoage.

Norman B. Frost and Frank H. Myers, both of Washington, D. C., for appellee Indemnity Ins. Co.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, plaintiff below, appeals from a final decree dismissing his bill of complaint for a mandatory injunction, filed under the provisions of the District of Columbia Workmen's Compensation Law,[1] against defendant Hoage, Deputy Commissioner of the United States Employees' Compensation Commission. The Indemnity Insurance Company of North America was permitted to intervene. For convenience, appellant will be referred to as plaintiff, the appellee as defendant, and the Insurance Company as intervener.

It appears that plaintiff sustained injuries on December 5, 1928, while employed by the Palais Royal Company of Washington, D. C., as a helper on a delivery truck, for which the intervener was the insurance carrier. On June 10, 1929, plaintiff filed with defendant a notice of his election to sue a third party, namely, the Washington Railway & Electric Company. Suit was instituted July 18, 1929, and on trial in the Supreme Court of the District plaintiff obtained a judgment for $3,000 against the third party. On appeal the judgment was reversed by this court. Washington Railway & Electric Co. v. Chapman, 62 App. D. C. 140, 65 F.(2d) 486. An application to the Supreme Court of the United States for a writ of certiorari was denied October 9, 1933. 290 U. S. 661, 54 S. Ct. 75, 78 L. Ed. 572. The mandate of this court reversing the judgment was accordingly transmitted to the Supreme Court of the District.

Plaintiff then requested a hearing on his claim for deficiency compensation, and the matter was heard before the Deputy Commissioner on April 26, 1934. At this hearing the insurance company raised the question of jurisdiction on the ground that plaintiff had not pursued his third-party remedy to final judgment. The deputy commissioner continued the hearing without a definite ruling, intimating however his approval of the position taken by the insurance company. Plaintiff then filed a motion in the railway company suit to proceed further "without payment of accrued or future costs" for the purpose of having this cause "determined as a matter of record." This motion was denied by the court.

---

[1] Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, 44 Stat. 1424, 33 USCA §§ 901–950), as made applicable to the District by the Act of May 17, 1928 (45 Stat. 600, D. C. Code 1929, T. 19, §§ 11, 12, 33 USCA § 901 note).

* Writ of certiorari granted 56 S. Ct. 103, 80 L. Ed. —.

Plaintiff, instead of proceeding to a new trial and securing a final judgment, petitioned the court to proceed in forma pauperis. His petition was denied, and he took no further steps to secure his right to thus proceed to a new trial. The denial of the right to proceed in forma pauperis did not amount to a final judgment either in that matter, or in the suit against the railway company. The court doubtless denied the petition on the theory that, in view of the decision in the appellate court, further proceedings against the railway company would be fruitless; but notwithstanding the apparent obstacle to success, plaintiff, if he had insisted on his rights, was entitled to a new trial.

Abandoning this step to procure a final judgment, plaintiff, on March 1, 1934, renewed his application for compensation. Hearings were had, and on June 27, 1934, defendant denied plaintiff compensation on the ground "that the claimant, having filed his election to pursue his remedy against the third party, and having failed to pursue his remedy to completion, has prejudiced the rights of the employer herein by allowing the statutory limit to run against any rights the employer might have had, and the claimant therefore is not entitled to compensation within the meaning of the act."

On May 9, 1934, the plaintiff by præcipe duly filed, discontinued his action against the Washington Railway & Electric Company and filed his bill in equity for a review of the award and for a mandatory injunction against defendant commissioner. Whereupon defendant Hoage moved to dismiss the bill on the ground that his compensation order of June 27, 1934, complained of in the bill, is in accordance with law. The intervener joined in the motion of defendant to dismiss. The court, on hearing, entered a decree dismissing plaintiff's bill, and from the decree this appeal was taken.

Plaintiff elected to proceed under section 33 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1440, 33 USCA § 933, which provides as follows:

"Section 33. (a) If on account of a disability or death for which compensation is payable under this act [chapter] the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person. * * *

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 13 [section 913 of this chapter], the employer shall be required to pay as compensation under this act [chapter] a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this act [chapter], the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval."

The statute of limitations having run in favor of the employer and the insurance carrier, plaintiff was required to pursue his action against the railway company to a final judgment. Not having done this, plaintiff is in no position now to seek compensation through defendant commissioner. Counsel for defendant relies chiefly upon decisions of the New York courts where the statute is substantially similar to the federal statute here involved. These courts take the extreme position that plaintiff having elected to pursue the third party, could not under any circumstances discontinue that case before final judgment, without the consent of the employer and carrier, and thereafter claim compensation. Kavanaugh v. Belden, 231 App. Div. 412, 247 N. Y. S. 714; Breital v. Hinderstein et al., 236 App. Div. 203, 258 N. Y. S. 237; Cole v. Gold Metal Cone Co., 236 App. Div. 749, 258 N. Y. S. 239.

With this construction of the statute we are not in agreement. The New York statute contains the provision that an injured employee "shall, before any suit or any award under this chapter, elect either to take compensation under this chapter or to pursue remedy against such other" third person. This provision, compelling election, is not contained in the Longshoremen's Act. It furnishes, however, a re-

mote basis for the extreme holding of the New York courts in interpreting their act.

This distinction between the federal statute and the New York statute is clearly stated by the Circuit Court of Appeals of the Second Circuit in the recent case of American Lumbermen's Mutual Casualty Co. v. Lowe, Deputy Commissioner, et al., 70 F.(2d) 616, 618. In that case the plaintiff elected to bring an action against the third party, but later, and before the statute of limitations had run, discontinued her suit and proceeded for compensation before the Commissioner. Her right to proceed before the Commissioner, not having pursued her case against the third party to final judgment, was denied by the District Court on the authority of the New York decisions. 5 F. Supp. 447. The Court of Appeals, however, held, and we think properly, that so long as the rights of the employer or carrier had not been prejudiced by the running of the statute of limitations, the act of discontinuance would not prevent the plaintiff from pursuing her remedy before the Commissioner.

On this point the court said: "It is evident that either an acceptance of compensation under (b) [33 USCA § 933 (b)] or a compromise with a third person and without written consent of the employer under (g) [33 USCA § 933 (g)] constitutes a final election that will bar other remedies. But there is nothing in (a) [33 USCA § 933 (a)] suggesting that bringing an action against the third person amounts to a final election. Nor, in the absence of such delay as will prevent the employer or its carrier from effectively availing themselves of their rights against the third person by way of subrogation, would there seem to be adequate reason for depriving a person entitled to compensation of the right to discontinue her action and seek compensation under the statute. Such a locus pœnitentiæ is ordinarily available, where separate remedies against different persons exist."

The present case, however, is in conflict with the exception laid down in the Lowe Case, since the running of the statute of limitations intervened, while the suit for damages was pending against the railway company. The election of plaintiff to bring suit against the third party, and his failure to pursue that remedy to final judgment, with the intervention of limitations, bars his right to recover compensation under the statute.

The decree is affirmed.

GRONER, Associate Justice (dissenting).

I am unable to agree in the conclusion of the court.

Petitioner (appellant) was employed by the Palais Royal Company of Washington as a helper on a delivery truck. Intervener was the insurance carrier. Petitioner was injured in the course of his employment—there was a collision between his truck and a street car—and elected to sue the alleged third party wrongdoer. In apt time he filed with the Deputy Commissioner notice of his election and of his purpose to claim any deficiency between the amount recovered and the amount he might be entitled to receive under the Compensation Act. This was all done in exact accordance with the provisions of the act.

On the trial of his action against the street railroad company he obtained a verdict for damages, on which judgment was entered. On appeal, we reversed the judgment, and certiorari was thereafter denied by the Supreme Court. Petitioner then made application to the Deputy Commissioner for compensation. The employer and the insurance carrier (intervener) answered and objected to an award on the ground that the deputy had no jurisdiction because petitioner had not exhausted his third-party remedy. At this point, the record shows that the deputy, obviously in doubt, adjourned the hearing until the question of "court procedure" was definitely determined.

Petitioner thereafter, through his attorneys, moved the Supreme Court of the District to allow him to proceed in the law action without the payment of costs, alleging in support of the motion that he had been unable to work since his injury and was without the means of paying the costs of the litigation. The judge of the lower court before whom the action was pending denied the motion—I have no doubt, only because he considered the further prosecution of the action bootless, and suggested that petitioner claim compensation under the act. Petitioner thereupon submitted an order of discontinuance, which was entered, and he again applied to the deputy for compensation. At the conclusion of this hearing the deputy entered an order refusing his application on the ground that petitioner not having prosecuted his third-party remedy to completion, i. e., having discontinued his third-party action, and the statute of limitations having run, the rights

of the employer to subrogation were prejudiced and petitioner's right to compensation lost.

Petitioner then applied to the Supreme Court of the District for a mandatory injunction, which being refused, he appealed to this court.

I think the writ should issue. The statute (Act of March 4, 1927, § 33, 33 USCA § 933) provides:

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval."

Other than subsection (g), supra, there is no provision in the statute which makes final the election of the injured to pursue the third-party remedy, and in that section the penalty is confined to cases of unauthorized compromise; so that the effect of our decision is to hold—wholly outside any express provision of the act—that if the dismissal against the third party results in prejudicing the rights of the employer, the latter cannot be required to pay compensation. Some of the cases cited in the opinion sustain this view. But even if the proposition is conceded, I can find in this record no facts to justify its application. On the contrary, the record, as I view it, shows affirmatively that the dismissal of the action did not and could not prejudice the employer or the insurance carrier, and this, for the simple reason that they lost nothing by it.

By reference to our opinion in the damage suit it will be seen that our reversal was on the merits and that we held, first, that petitioner was guilty of contributory negligence, and secondly, that the street railroad company was guilty of *no negligence at all*. It is true we remanded the case to the Supreme Court of the District for a new trial, as we are required to do, but it is perfectly obvious from the language of the opinion that our decision was to all intents and purposes a final adjudication against the right to recover. While, therefore, it may be correctly said that the litigation begun by petitioner against the third party was not technically concluded until further proceedings were had in the trial court, such proceedings, if had, must necessarily have gone against petitioner except in the event he was able to make out a wholly different case; and the record in the hearings before the deputy shows nothing on which to base even a conjecture to that effect but, on the other hand, shows that his main witness—the driver of the truck at the time of the collision—was no longer available because of his death.

In these circumstances, unless the whole purpose of the act be disregarded, the burden of showing loss or damage through the dismissal of the action ought to be placed on the insurer; for unless damage to it is shown, petitioner's right to discontinue the third party action and claim compensation is unchallenged. To be discharged of its statutory obligation, the employer must show, not only the dismissal of the third-party action and the loss thereby of its right of subrogation but, in my view, must go further and show that the lost right of subrogation resulted in damage to the employer. Here there is no proof of any actual damage but, on the contrary, an inescapable conclusion there was none.

HITZ, Associate Justice, concurs in this dissent.