**WEYERHAEUSER TIMBER CO. et al. v. MARSHALL, Deputy Com'r.**

No. 8757.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1939.

Ralph S. Pierce and Edwin J. Cummins, both of Seattle, Wash., for appellants.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing appellants' bill to secure a review of an order of the Deputy Commissioner of the United States Employees' Compensation Commission (appellee herein) entered by him under authority of the Longshoremen's and Harborworkers' Compensation Act.

The appellant General Casualty Company of America is the insurance carrier for the appellant Weyerhaeuser Timber Company. They will hereinafter be referred to as "insurer" and "employer" respectively.

On March 3, 1932, Lyle T. Wallace, an employee of appellant employer, died as a result of injuries sustained by him during his employment as a longshoreman on the steamship "San Pedro", at Longview, Washington.

On April 20, 1932, upon petition by Mabel Wallace, mother of Miles Wallace, a minor, the deputy commissioner filed an order authorizing the said Mabel Wallace to make election on behalf of her son to recover damages for the death of his father. On said date the said Mabel Wallace filed on behalf of herself and on behalf of her minor son a notice, the pertinent part of which we quote as follows: "I * * * hereby elect under section 33 of the Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C.A. § 933] to pursue my remedy against a third party * * * but make claim for compensation for any deficiency between the amount so recovered and the amount provided by the said act, and in support of my claim make the foregoing statement of facts." The third party referred to was the Portland Stevedoring Company.

On May 2, 1932, the Probate Court of the Superior Court of the State of Washington for Cowlitz County, made its order appointing Mabel Wallace the guardian of the person and property of the minor Miles Wallace; and a further order appointing Roswell J. Quinn as the guardian ad litem of said minor, to settle the claim of such minor for damages arising out of the death of Lyle T. Wallace.

The Administrator of the estate of the decedent, on behalf of Mabel Wallace and Miles Wallace, negotiated with the Portland Stevedoring Company, and the Occidental Indemnity Company, its insurer, relative to a claim for damages based upon the death of Lyle T. Wallace. The Occidental Indemnity Company agreed to pay $11,500 to said administrator, and issued its draft for that amount. It then came to light that Lyle T. Wallace had been married in California prior to the purported marriage between Mabel Wallace and Lyle T. Wallace, and that at such time the final decree of divorce between Lyle T. Wallace and his first wife had not been obtained. The Occidental Indemnity Company then petitioned the Superior Court of the State of Washington, on August 31, 1932, to have said settlement declared void and to have its draft cancelled.

Upon the hearing of that petition, the Court found (1) that Mabel McNulty (Wallace) was never lawfully married to Lyle T. Wallace, and (2) that Miles Wallace was not entitled to recover for the death of his father, under the "Wrongful Death" Act of the State of Washington (Remington's Revised Statutes, Sections 183 and 183—1), since the decedent had never acknowledged, during his lifetime, his paternity of the child, in writing, before a competent witness as required by the laws of the State of Washington (Remington's Revised Statutes, Section 1345). However, the court determined that Miles Wallace was the orally acknowledged illegitimate child of Lyle T. Wallace, and that Miles Wallace had lived with and been dependent for support upon Lyle T. Wallace. The Court, on January 5, 1935, granted the petition of the Occidental Indemnity Company to have the settlement declared void and to have its draft cancelled.

Thereafter, on June 12, 1936, the appellee Deputy Commissioner gave notice to the appellant that a hearing would be had upon the claim of Miles Wallace, represented by his guardian W. W. Enlow (who had apparently succeeded Mabel Wallace as such), arising out of the death of his father, Lyle T. Wallace, under the Longshoremen's Act, 33 U.S.C.A. § 901 et seq.

Appellants objected to any hearing being had, upon the ground that no proper claim for compensation had ever been filed with the Commissioner, and on the further ground that the vital matters at issue had been determined adversely to the claimant

by the Superior Court of the State of Washington for Cowlitz County, in the proceedings above mentioned. After taking testimony and considering evidence, the Commissioner, on January 26, 1937, made his findings and order awarding compensation to the minor, Miles Wallace.

Appellants then brought the matter before the District Court by bill of complaint, obtained a temporary injunction, prayed that appellee's award be reversed and that a permanent injunction issue restraining the execution of said award. Appellee moved to dismiss said complaint. The District Court granted the motion. From the judgment of dismissal, this appeal has been taken.

■ Appellants contend that the claimant is not entitled to recovery because he has not complied with the provisions of the Act relative to the filing of a claim for compensation. They argue that under the provisions of subsections (a) and (c) of section 13[1] of the Act, 33 U.S.C.A. § 913, the right to compensation for disability is barred unless (in the case of a minor) a claim therefor is filed within a year from the date of appointment of a guardian, and that no such claim was filed in the present case.

The Act is clear that the "right to compensation" will be barred unless a "claim therefor" is filed within one year after the date of injury, or death, or appointment of a guardian, etc., as the case may be. Section 13. While it would have been more orderly to have separated the claim for compensation and the notice of election, we think the above quoted language answers all of the requirements of the statute as to a claim for compensation.

■ A second contention of appellants is that the failure of claimant to file an action against a third party within the time prescribed by the statute of limitations[2] effected a loss of their subrogation rights and thus relieved them from liability under the Act. As to this point our ruling is controlled by the case of Chapman v. Hoage, 296 U.S. 526, 56 S.Ct. 333, 80 L.Ed. 370.

In the cited case the claimant recovered judgment against the third party in the trial court; the judgment was reversed and remanded by the appellate court because uncontradicted evidence established claimant's contributory negligence so clearly that the trial court should have directed a verdict for the defendant. The appellate court was nevertheless bound to remand for further proceedings. Claimant then discontinued his suit and pressed his application for compensation. In the meantime the statute of limitations had run on the claim against the third person. The Supreme Court, reversing the Court of Appeals of the District of Columbia [64 App. D.C. 349, 78 F.2d 233] which had approved the denial of compensation, held that an employee who has elected to proceed against a third person need do no more than prosecute his claim in a manner and to an extent which will avoid prejudice to the insurer's right of subrogation, and that since the facts showed that further action against the third party would be fruitless, it was established, at least prima

---

[1] "Sec. 13. [§ 913.] Time for filing of claims. (a) The right to compensation for disability under this Act [chapter] shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred.

"(b) Notwithstanding the provisions of subdivision (a) failure to file a claim within the period prescribed in such subdivision shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard.

"(c) If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subdivision (a) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age."

[2] The statute of limitations of the State of Washington governing an action for wrongful death is three years, and the third party was, therefore, protected by that statute on and after March 3rd, 1935. Remington's Revised Statutes of Washington, Sections 155, 159, 183.

facie, that failure to proceed with a second trial did not prejudice the insurer.

Likewise, in the present case, we think it established, at least prima facie, that no prejudice has been done to the insurer by appellee's failure to file suit against the third party, for it appears that a Washington Court has held that appellee was not entitled to recover against the third party for the death of his father. We think it immaterial that this determination was made in an action instituted to declare the compromise settlement void rather than in an action instituted to recover damages against the third person. The significant factor is that it has been adjudicated that claimant had no right against the third party. This being so, appellant has not been prejudiced by appellee's failure to proceed against the third party, for since no right of action existed against the third party there could be no prejudice to the right of subrogation. See, also, Candado Stevedoring Corporation .v. Lowe, 2 Cir., 1936, 85 F.2d 119.

In the present case, as in the Chapman case, supra, the insurer, insisting that it was discharged by the mere failure of the claimant to file action against the third party, has offered no evidence that such failure was prejudicial to it.

A third claim of appellant is that claimant was not entitled to recover under the Act because he was not a "child" within the Act definition. The argument is that the Act defines "child" to include an "acknowledged illegitimate child dependent upon the deceased" (33 U.S.C.A. 902 (14),[3] and thus excludes from the Act's benefits unacknowledged illegitimate children; that the decision of whether the claimant was the "acknowledged illegitimate child" of the deceased must be made under Washington law; that the statutes of the State of Washington (Remington's Revised Statutes of Washington, sec. 1345) require the acknowledgment of an illegitimate child to be in writing; that it appears from the record that claimant, though orally acknowledged by deceased to be his illegitimate son, was never acknowledged by deceased in writing.

We do not believe that our determina-

tion of who is a "child" so as to be entitled to compensation under the Act is, in the present instance, to be influenced by provisions of state law. The Act expressly makes an "acknowledged illegitimate child dependent upon the deceased" a "child" within the Act provisions so as to be entitled to compensation. To acknowledge is "to own or admit as implying obligation or incurring responsibility; * *" Funk & Wagnall's New Standard Dictionary (1937 Ed.). Thus the definition given by the Act is complete in itself. The present case is readily to be distinguished from cases such as Green v. Crowell, 5 Cir., 1934, 69 F.2d 762; Bolin v. Marshall, 9 Cir., 1935, 76 F.2d 668; and Keyway Stevedoring Co. v. Clark, D.C., 1930, 43 F.2d 983, in all which it was held that state law controlled as to whether one was a "widow" so as to be entitled to compensation under the Act. The Act defines "widow" as including only the "decedent's wife". Thus the conclusion as to whether a claimant is a "widow" depends upon whether she previously was a "wife"—a status left undefined by the Act, and thus under the doctrine of Seaboard Air Line Ry. v. Kenney, 240 U.S. 489, 492, 36 S.Ct. 458, 60 L.Ed. 762, to be solved by the application of state law. In our case, Congress having provided all definitions necessary to the determination of whether claimant is a "child" and its authority being paramount and exclusive as to the subjects on which it has legislated, it is not allowable to go beyond the Act provisions. Consequently we hold that claimant was a "child" entitled to recovery of compensation.

Appellant also maintains that appellee was estopped by the judgment of the Superior Court of the State of Washington from contending "that he was duly and properly acknowledged". The simple answer to this contention is that the sole issue before the Washington court and the issue adjudicated by it was whether or not the claimant was entitled to recover for the death of his father under the "Wrongful Death" statute of the State of Washington while in the present case the issue is whether he is entitled to compensation un-

---

3 "Definitions * * * (14) 'Child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in loco parentis for at least a year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him * * *."

der the very different provisions of the Longshoremen's and Harborworkers' Compensation Act. Had the determination of these issues depended in both cases upon whether or not claimant had been acknowledged in writing to be the child of deceased, appellant's contention would have merit. But as we have seen, written acknowledgment is not necessary under the provisions of the Longshoremen's and Harborworkers' Compensation Act to entitle claimant to compensation. The question of "acknowledgment" as distinguished from "written acknowledgment" not being in issue, or necessarily involved in the state court action, the judgment therein cannot operate to estop appellee from contending in the present case that he was an "acknowledged illegitimate child dependent upon the deceased". Troxell v. Delaware, Lackawanna & Western R. Co., 227 U.S. 434, 440, 33 S.Ct. 274, 57 L.Ed. 586; 34 C.J., Judgments, § 1325, p. 915.

The judgment is affirmed.