**ST. JOHN STEVEDORING CO., INC., Employer, and Insurance Company of North America, Carrier, Petitioners,**

v.

**Johnetta WILFRED, Alene C. Jones, and Director, OWCP, Respondents.**

No. 86–4170.

United States Court of Appeals, Fifth Circuit.

June 3, 1987.

Rehearing and Rehearing En Banc Denied July 1, 1987.

King Waters, Houston, Tex., for petitioners.

Theodore M. Haik, Jr., New Iberia, La., John Roberson, Graham Hill, Houston, Tex., for respondents.

Karen Kimball, Atty., U.S. Dept. of Labor, Office of Sol., Benefits Review Bd., U.S. Dept. of Labor, Linda M. Meekins,

Clerk, Washington, D.C., for other interested parties.

Before GEE, POLITZ, and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

St. John Stevedoring Company, Inc. and Insurance Company of North America (INA) petition for review of a decision by the Benefits Review Board (BRB) awarding Longshore and Harbor Workers' Compensation Act (LHWCA, 33 U.S.C. §§ 901–950) death benefits to Alene C. Jones and Johnetta Rene Wilfred, mother and daughter, respectively, of John Henry Jones, the deceased worker. We deny review as relates to Johnetta Rene Wilfred but grant same as respects Alene C. Jones, finding that the benefits due her are subject to a credit, as discussed herein.

## Background

On May 27, 1979, John Henry Jones sustained severe injuries during the course and scope of his employment by St. John Stevedoring. By December 23, 1981 he had received LHWCA compensation benefits from his employer totaling $291,839.71. On that date, he executed a compromise settlement agreement with the parties against whom he had filed an *ex delicto* action. St. John Stevedoring and INA had intervened in Jones's tort suit, seeking recovery for compensation benefits.

The settlement agreement was executed by John Henry Jones, Alene C. Jones, the several tort defendants, St. John Stevedoring, and INA. The agreement provided for an immediate payment to John Henry Jones of $1,786,839.71, which included the sum due St. John Stevedoring and INA for past compensation benefits, plus $5,000 to Alene C. Jones, and, finally, $280,000 per year to John Henry Jones, for the balance of his life, providing that in the event he died before five annual payments were made, the remainder of those five payments would be made to Alene C. Jones, if she survived him, or to his estate, if she predeceased him. The agreement included a release of the tort-suit defendants and their insurers, a hold-harmless provision and, *inter alia*, the following:

It is further understood and agreed that INA and St. John, in consideration for Said Sum and Future Payments, are to receive a credit therefor for accrual of all compensation benefits and medical expenses in the future.

The release recited that the sums paid and to be paid were received

in full and complete satisfaction of any and all claims which [John Henry Jones & Alene C. Jones] have relating to said accident, injuries to and death of John Henry Jones, or damages claimed by said undersigned ... and that this release is intended to and does fully release all such claims.

A few months later, before the due date of the first annual payment, John Henry Jones died. Alene C. Jones and Sheryl Wilfred, on behalf of her minor daughter, Johnetta, initiated proceedings under 33 U.S.C. § 909, claiming LHWCA death benefits from St. John Stevedoring. In defense of the claims, St. John Stevedoring urged the settlement agreement and further contended that Johnetta was illegitimate and was not a child within the meaning of the LHWCA. The matter was heard by an Administrative Law Judge who awarded benefits to Alene C. Jones but denied benefits to the child. On appeal, the BRB upheld the award to Alene C. Jones but reversed the ALJ and granted an award to the minor Johnetta. Both awards are now before us by virtue of the petition for review filed by St. John Stevedoring and INA.

## Analysis

### Filiation and Dependency

A child entitled to LHWCA death benefits is defined to include an "acknowledged illegitimate child dependent upon the deceased," 33 U.S.C. § 902(14). St. John Stevedoring contends that resort must be had to the law of Louisiana, the state of Johnetta's domicile, to determine her filiation.

The ALJ accepted their argument because as he noted, there is no body of federal family law.[1] The BRB disagreed with the ALJ's legal conclusion as to the applicable law. So do we.

In *Texas Employers' Insurance Assn. v. Shea,* 410 F.2d 56 (5th Cir.1969), we opined that "acknowledgment of paternity does not require a notary's seal or other ritualistic proclamation." *See also Weyerhaeuser Timber Co. v. Marshall,* 102 F.2d 78 (9th Cir.1939). Application of rigorous state law schemes for proof of paternity, designed to serve various state interests such as the orderly devolution of property, especially immovable property, is inconsistent with the history and tradition of liberal administration of benefits under the LHWCA. *Voris v. Eikel,* 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953). While state law may prove helpful in that a child under state law would likely be a child under the LHWCA, the converse would not necessarily follow. As *Shea* and other cases indicate, because state law precludes a designation of paternity will not bar LHWCA benefits if a paternal link is proven. As we observed nearly a half-century ago, "in construing the act [LHWCA] we are not bound by technical definitions but must interpret it by giving to the words used their ordinary meaning." *Maryland Casualty Co. v. Lawson,* 101 F.2d 732 (5th Cir. 1939).

■ Applying this common sense approach to the definitional process, the BRB *readily concluded* that "the evidence overwhelmingly supports a finding of acknowledgment." The record contains a sworn deposition by John Henry Jones and the sworn testimony of Sheryl Wilfred that Johnetta is their child. Johnetta is identified as a child in John Henry Jones's will and was listed as his child in the obituary prepared by his family. The only contra evidence is that his name does not appear as father on Johnetta's birth certificate. In light of this evidence, and its conclusion that the ALJ had applied the wrong legal standard, the BRB reversed his finding on filiation. We affirm the BRB on this issue.

■ St. John Stevedoring next argues that Johnetta was not dependent on her father for financial support at "the time of the injury." 33 U.S.C. § 909(f). On May 22, 1979 Johnetta had been conceived. She was born the following October.

A child *en ventre sa mere* is dependent on a LHWCA-covered worker if, at the time of the accident, the child's mother was dependent on that worker. *Texas Employers' Insurance Ass'n v. Shea.* In determining the dependency of the mother and child, the LHWCA does not require that the mother be supported entirely by the covered worker; partial dependency is sufficient. *Texas Employers Ins. Ass'n. v. Sheppeard,* 62 F.2d 122 (5th Cir.1932). Dependency may result if the injured party was "maintaining or helping to maintain the dependent in his customary standard of living." *United States Fidelity & Guaranty Co. v. Britton,* 188 F.2d 674 (D.C.Cir. 1951).

During the time Sheryl Wilfred carried Johnetta to term, she received regular financial aid from John Henry Jones. The uncontroverted testimony reflects that from the time Johnetta was *in utero,* and continuing to the date of his death, John Henry Jones sent Ms. Wilfred hundreds of dollars for their support, notably in regular payments. In addition, he bought the child

---

1. The ALJ relied on La.Civ.Code art. 209, which provides in pertinent part:

> B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
>
> C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.

clothing and gifts. Applying the test articulated in *Sheppeard, Standard Dredging Corp. v. Henderson,* 150 F.2d 78 (5th Cir. 1945), and similar cases, to the pertinent facts herein, we fully agree with the BRB's finding of dependency. Johnetta Rene Wilfred is an eligible child, entitled to death benefits under the LHWCA.

### The Settlement

Petitioners did not contest the eligibility of Alene C. Jones but vigorously argued that her claim, as well as that of Johnetta, was foreclosed by the settlement agreement. Alternatively, they claimed a credit for the amount received in settlement.

The BRB rejected petitioners' arguments and concluded that the mother's claim was not barred by 33 U.S.C. § 933(g), which provides that if a "person entitled to compensation" compromises a third-party claim for less than the total compensation payable, he must first secure the employer's permission to settle. The BRB concluded that Alene C. Jones was not a "person entitled to compensation" when she signed the settlement agreement. As to the credit or off-set petitioners claimed under 33 U.S.C. § 933(f), the BRB used the same reasoning. Alene C. Jones was not a "person entitled to compensation" at the time of the settlement.

■ We do not disagree necessarily with the reasoning of the BRB on this statutory interpretation, but we perceive a contractual basis for requiring a credit. In the settlement agreement which Alene C. Jones voluntarily signed, although she was not a party to her son's tort action, she received $5,000 in cash and the contractual right to any of the annual $280,000 payments falling due after the death of John Henry Jones and before December 1986. In return for the cash payment and contingent right, she waived and released all rights, including any wrongful death claims, against the tortfeasors. In addition she agreed that St. John Stevedoring and INA would "receive a credit therefor for accrual of all compensation benefits ... in the future." In doing so, Alene C. Jones obligated herself to give the employer and com-

pensation carrier credit for all sums she received as a result of the tort settlement agreement. And as the BRB observed, her recovery of the $5,000 at signing and the $1,400,000 in annual payments far exceeds the death benefits she could have received under the LHWCA. St. John Stevedoring and INA are entitled to a credit for the full amount of compensation benefits owed to the decedent's mother. *See Peters v. North River Ins. Co. of Morristown, N.J.,* 764 F.2d 306 (5th Cir.1985); *Bloomer v. Liberty Mutual Insurance Co.,* 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980).

■ That same reasoning does not apply to the minor child. Petitioners argue that because the decedent settled for his "heirs, executors, administrators, assigns, next of kin, or other legal representatives," the claim on behalf of the minor Johnetta is barred. The BRB did not so conclude, nor do we. John Henry Jones did not have the power to settle or waive in advance any death benefits that might accrue to his minor daughter. The Act clearly contemplates that the rights of minors and those found mentally incompetent are to be protected. Section 911 envisions the appointment "by a court of competent jurisdiction" of a guardian for a minor, one who would then be empowered to act on behalf of the minor. Presumptively the law of Louisiana, Johnetta's domicile, would control. If not, the law of decedent's domicile, Texas, would. Under the laws of either state, court approval is required to compromise and settle a minor's claims. La.Code Civ.P. 4265; Rule 44, Tex.R.Civ.P. Nothing in this record reflects that such was done; indeed it is obvious that it was not done. The minor's rights, accordingly, are unaffected by the settlement agreement signed by her father.

### Conclusion

We conclude that the BRB correctly found both Alene C. Jones and Johnetta Rene Wilfred eligible for LHWCA death benefits as a consequence of the death of John Henry Jones. In that regard, the petition for review is DENIED. However, we further conclude that St. John Stevedor-

ing and INA are entitled to a credit against the compensation death benefits due Alene C. Jones for the sums she received by virtue of the settlement agreement she signed on December 23, 1981. That credit offsets in full her claim for benefits, and to that extent the petition for review is GRANTED.

Petition for review DENIED in part and GRANTED in part.