[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

No. 05-13999
Non-Argument Calendar
_____

D. C. Docket No. 99-00961-CV-JAL

FANTOME, S.A., praying for exoneration from and/or
limitation of liability,
INTERNATIONAL MARITIME RESOURCES, INC.,
WINDJAMMER BAREFOOT CRUISES, LTD.,
MICHAEL BURKE,

Plaintiffs-Appellees,

versus

SARAH FREDERICK, individually and as Personal
Representative and/or Administrator of the Estate
of Emmanuel Frederick, et al.,

Claimants,

KELLY JOSEPH OLIVAS CASTELLON,

Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kelly Joseph Olivas Castellon, a minor, through her guardian ad litem Robert L. Parks, appeals the district court's denial of Parks' request that all future payments attributable to Castellon under a settlement agreement be placed in an interest bearing account in Miami, Florida, until Castellon, who lives with her mother in Honduras, reaches her age of majority. Parks argues that the district court abused its discretion when it denied this request on the ground that to grant the request would deprive Castellon's mother of the ability to provide basic needs for Castellon. Parks argues that the evidence does not support this finding but indicates that Castellon's mother was using the funds to benefit others.

We review a trial court's enforcement of a settlement agreement for an abuse of discretion. *Brooks v. Geor. State Bd. of Elections*, 59 F.3d 1114, 1119-20 (11th Cir. 1995).

The district court did not abuse its discretion when it denied Parks' request. The district court held that the settlement funds, which were meant to benefit Castellon, her mother, and her grandmother, as well as pay the mother's attorney's fees, should be paid directly to the mother's Honduran counsel for distribution. In so holding, the district court properly relied upon Honduran law (the law of the

minor child's domicile), which vests in the parent the right and responsibility to make decisions regarding what expenditures are in the best interest of the child. *See, e.g.*, *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987) (applying the law of the minor child's domicile to determine if a guardian ad litem should be appointed); *Tidewater Marine Towing v. Curran-Houston, Inc.*, 785 F.2d 1317, 1319 (5th Cir. 1986) (noting that courts typically look to the law of the domicile in defining beneficiary rights under the Jones Act, Death on the High Seas Act, and general maritime law). Because of this parental legal obligation, the district court did not abuse its discretion in permitting Castellon's mother to receive the settlement funds attributable to Castellon because the mother had the obligation to decide how to spend the funds in Castellon's best interests. In addition, Parks' claim that the evidence indicated that others in addition to Castellon were receiving the settlement funds does not necessitate a different result because these others had claims that the settlement funds also covered. Accordingly, we AFFIRM the district court.

**AFFIRMED.**